UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEANTHONY LEON PALMER,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | CASE NO. C25-1223JLR<br><br>ORDER |

Before the court is Plaintiff Leanthony Leon Palmer's two motions for dispositive sanctions against Defendant Navy Federal Credit Union ("Navy Federal"). (*See* 10/1/26 Mot. (Dkt. # 38); 10/14/26 Mot. (Dkt. # 39).)[1] Navy Federal opposes Mr. Palmer's October 1, 2026 motion but has yet to file a response to the October 14, 2026 motion. (*See generally* Resp. (Dkt. # 40).) Regardless, the court finds that it has sufficient

[1] Although Mr. Palmer's letters do not explicitly request dispositive sanctions, the court liberally construes his filings as such because he requests that the court grant him "full relief." (10/14/26 Mot.); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed'[.]").

information to rule on both motions. For the reasons stated below, the court DENIES Mr. Palmer's motions.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Under its inherent powers, "[a] district court may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). To impose sanctions pursuant to its inherent powers, "a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090.

Mr. Palmer argues that the court should "grant [him] full relief" because "the defendant keeps missing [pre-trial] deadlines." (10/14/26 Mot.) He also asserts that, as of October 7, 2026, he had not received Navy Federal's initial disclosures despite the September 28, 2026 initial disclosure deadline. (*Id.*; *see also* 9/28/26 Order (Dkt. # 37) (maintaining a September 28, 2026 deadline for initial disclosures).) The present motions are unavailing, however, because Navy Federal has not missed any deadlines under the updated pre-trial deadlines schedule. Navy Federal's counsel testified, under penalty of perjury, that it served its initial disclosures to Mr. Palmer on September 28, 2026, via mail. (Paal Decl. (Dkt. # 42) ¶ 4.) Although the parties did not file a joint status report by the October 16, 2026 deadline, they are still able to conduct a Rule 26(f) conference by October 23, 2026, and submit individual reports and proposed discovery plans by

October 30, 2026. (9/28/26 Order at 2; Resp. at 1.) Navy Federal states that it remains on track to meet all deadlines as currently set. (Resp. at 1.)

Because the court finds that Navy Federal has not violated a court order nor operated in bad faith, it DENIES Mr. Palmer's motions (Dkt. ## 38, 39). The court also reminds Navy Federal that no further extensions will be granted for the pre-trial deadlines. (*See* 9/28/26 Order.) Should Navy Federal fail to meet the abovementioned deadlines, the court will consider a renewed motion for sanctions from Mr. Palmer if filed after October 30, 2026.

Dated this 19 day of October, 2026.

# #

JAMES L. ROBART
United States District Judge